OMYA, INC., Plaintiff–Appellant,

v.

State of VERMONT, Vermont Environmental Board, State of Vermont, John T. Ewing, in his official capacity as a member of the Vermont Environmental Board, John Drake, in his official capacity as a member of the Vermont Environmental Board, Samuel Lloyd, in his official capacity as a member of the Vermont Environmental Board, Rebecca M. Nawrath, in her official capacity as a member of the Vermont Environmental Board, Alice N. Olenick, in her official capacity as a member of the Vermont Environmental Board, W. William Martinez, in his official capacity as a member of the Vermont Environmental Board, Arthur Gibb, in his official capacity as a member of the Vermont Environmental Board, Defendants–Appellees.

L.F. Carter, Inc., Movant.

Docket No. 01–7445.

United States Court of Appeals, Second Circuit.

April 25, 2002.

Edward V. Schwiebert, Rieber, Kenlan, Schwiebert, Hall & Facey, Rutland, VT, for Plaintiff–Appellant.

Rebecca M. Ellis, Attorney General's Office, State of Vermont, Montpelier, VT, for Defendants–Appellees.

Present Hon. ELLSWORTH VAN GRAAFEILAND, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. EDWARD R. KORMAN,[1] District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED**.

Plaintiff appeals the dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, of its challenge to the imposition by the Vermont Environmental Board (the "Board") of restrictions on the number of daily round-trips permitted tractor-trailer trucks transporting plaintiff's goods through Brandon, Vermont on U.S. Route 7. In the District Court, plaintiff alleged that the restrictions, promulgated pursuant to the Board's authority under Vermont's Land Use and Development Law, 10 V.S.A. §§ 6001–6108 ("Act 250"), violated the Supremacy, Commerce, Equal Protection, and Due Process Clauses of the United States Constitution. The District Court dismissed all of these claims. On appeal, the plaintiff contends that the District Court erred in dismissing its Commerce Clause and Supremacy Clause claims.

We review *de novo* the decision of the District Court granting the motion to dismiss the plaintiff's claims, and we "accept[ ] all allegations in the complaint as true and draw[ ] all inferences in favor of the plaintiff." *ICOM Holding, Inc. v. MCI Worldcom, Inc.*, 238 F.3d 219, 221 (2d Cir.2001). For the reasons that follow, we affirm the judgment of the District Court.

■ Plaintiff argues that the permit restriction represents the kind of affirmative discrimination against interstate commerce that warrants heightened Commerce Clause review. However, plaintiff has failed to show that either Act 250 or the

permit restriction specifically discriminates either facially or "in practical effect" against interstate commerce, *Maine v. Taylor*, 477 U.S. 131, 138, 106 S.Ct. 2440, 91 L.Ed.2d 110 (1986), or that either imposes "differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Automated Salvage Transport v. Wheelabrator*, 155 F.3d 59, 74 (2d Cir. 1998). The mere fact that plaintiff alone has been burdened by the scheme is not sufficient to trigger heightened review. *See Exxon Corp. v. Governor of Md.*, 437 U.S. 117, 127–28, 98 S.Ct. 2207, 57 L.Ed.2d 91 (1978) ("the Clause protects the interstate market, not particular interstate firms, from prohibitive or burdensome regulations."). Moreover, even the less heightened standard of review prescribed in *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970), applies only where nondiscriminatory regulations have a disparate impact on interstate commerce. Where there is such an impact, the regulation cannot survive only if "the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Id.* "Thus, the minimum showing required to succeed in a Commerce Clause challenge to a state regulation is that it have a disparate impact on interstate commerce. The fact that it may otherwise affect commerce is not sufficient." *Automation Salvage Transport*, 155 F.3d at 74 (internal quotations and citations omitted).

■ Act 250 does not have a disparate effect on interstate commerce. Even if it had such an effect here, the burden imposed on interstate commerce is not "clearly excessive in relation to the putative local benefits" to these benefits. In this case, the permit restriction significantly enhances aesthetic and historic preservation goals, and helps reduce traffic congestion. Any marginal burden imposed on interstate commerce is unquestionably not "clearly excessive in relation" to these benefits. We therefore affirm the District Court's dismissal of plaintiff's Commerce Clause claim.

■ Plaintiff contends that the permit restriction is preempted by 49 U.S.C. § 14501(c)(1) ("Section 14501"), and is thus invalid under the Supremacy Clause of the United States Constitution. "Consideration of issues arising under the Supremacy Clause starts with the assumption that the historic police powers of the States are not to be superseded by ... Federal Act unless that is the clear and manifest purpose of Congress. Accordingly, the purpose of Congress is the ultimate touchstone of preemption analysis." *Cipollone v. Liggett Group*, 505 U.S. 504, 516, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992) (internal quotations and citations omitted). Section 14501 targets state economic regulation—i.e., regulation designed to regulate competition—and seeks to place the "motor carrier" industry on equal footing with the "air carrier" industry, which had enjoyed the benefits of federal preemption of state regulation for many years prior to the enactment of Section 14501. See H.R. Conf. Rep. No. 103–677, 103rd Cong., 2d Sess. 84 (1994), reprinted in 1994 U.S.S.C.C.A.N. 1715, 1755 ("The central purpose of this legislation is to extend to all affected carriers, air carriers and carriers affiliated with direct air carriers through common controlling ownership on the one hand and motor carriers on the other, the identical intrastate preemption of prices, routes, and services as that originally contained in ... the Federal Aviation Act [for air carriers].").

Indeed, Section 14501 is modeled after the preemption provision of the Airline Deregulation Act ("ADA"), and closely parallels it. H.R. Conf. Rep. No. 103–677,

**584**

at 1757 (Section 14501 "is identical to the preemption provision deregulating air carriers ... and is intended to function in the exact same manner with respect to its preemptive effects."); *Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.,* 972 F.Supp. 665, 668–69 (N.D.Ga.1997) (tracing legislative history of Section 14501 and concluding that "Congress intended for [Section 14501] to be applied in an identical manner as the preemption provision of the ADA."). The Supreme Court has noted that the ADA preemption provision was specifically concerned with state *economic* regulation. *See American Airlines, Inc. v. Wolens,* 513 U.S. 219, 229 n. 5, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995) ("the ban on enacting or enforcing any law 'relating to rates, routes, or services' is most sensibly read, in light of the ADA's overarching deregulatory purpose, to mean [s]tates may not seek to impose their own public policies or theories of competition or regulation on the operations of an air carrier") (internal quotation and citation omitted).

Section 14501 thus aims to preempt state economic regulation. Act 250 does not speak directly to prices, routes, or services of motor carriers, and is a land use statute intended "to protect Vermont's environmental resources with an eye towards ... preserving lands, when possible, that have special values to the public." *Southview Associates, Ltd. v. Bongartz,* 980 F.2d 84, 89 (2d Cir.1992). The permit restriction imposed on plaintiff seeks to achieve non-economic goals that bear no relationship to the regulation of competition. We cannot conclude that it was "the clear and manifest purpose of Congress," *Cipollone,* 505 U.S. at 516, in enacting Section 14501 to preempt a non-economic regulation with the limited impact on "route" that the permit restriction imposes. Accordingly, we affirm the District Court's dismissal of plaintiff's Supremacy Clause claim.

The judgment of the district court is **AFFIRMED.**